Gertrudiz Bonella and Caballero et als. v. Charles Maduel, Testamentary Executor, et al.

## No. 4658.

GERTRUDIZ BONELLA AND CABALLERO et als. *v.* CHARLES MADUEL, Testamentary Executor, et al.

In this instance the defendant offered in evidence the petition in the case entitled "Succession of Jose Maria Caballero," and the judgment of the Second District Court and of the Supreme Court, decreeing her to be the legitimate child of the deceased. The plaintiffs objected on the ground that they were not bound by the judgment, not being parties to the suit.

The objection was correctly overruled. It was not a judgment *inter partes*, but a judgment *in rem*, and is evidence of *the facts adjudicated against the world.*

The judge *a quo* properly rejected the testimony taken by commission of witnesses not named in the interrogatories or commission. The party called on to cross question witnesses when testimony is taken by commission, is entitled to be informed of the names of the witnesses in order to know how to shape his questions.

The court below was right in not granting a continuance on the ground of the rejection of the above mentioned testimony, the party offering it not having made due diligence to get the evidence.

The plea of *res judicata* must stand. It is well settled that a final judgment of a court of competent jurisdiction as to the *status* of a person, is *res judicata* as to all the world, and the force and effect of *res judicata* is to make black white, and the crooked straight."

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. J. Ad. Rozier, Charvet & Duplantier,* for plaintiffs and appellees. *Geo. L. Bright, Lea, Finney & Miller,* for defendants and appellants.

LUDELING, C. J. The plaintiffs, who are cousins of the deceased, Jose Maria Caballero, and residents of Spain, instituted this suit to annul and set aside a judgment of the Second District Court of the parish of Orleans, rendered on the twenty-ninth June, 1868, in the case entitled Succession of Jose Maria Caballero, on petition of Mrs. Maria Dolores Felicité Caballero, wife of Jose Maria Conté, by which the testament of the late Caballero was set aside, and his daughter, Maria Dolores Felicité Conté, was decreed to be legitimate and sole heir of his estate; to have the universal legatee under that will declared to be a person interposed for the benefit of a colored concubine of the deceased, and their natural child; to have the executor render an account, and finally to be declared the sole legal heirs of the deceased, and as such to. be put in possession of the estate.

Mrs. Conté, among other defenses, filed the plea of *res judicata.* There was judgment in favor of the plaintiffs and the defendant, Conté, has appealed.

On the trial the defendant offered in evidence the petition in the suit already named, and the judgment of the Second District Court and of the Supreme Court thereon, decreeing her to be the legitimate child of Jose Maria Caballero. The plaintiff objected on the ground that they were not bound by the judgment, not being parties to the suit.

The evidence was received. The ruling was correct. In Ennis *v.* Smith, 14 Howard's Reports (p. 430), the court said: "The decree of the department of Grodno is an exemplified copy of that made on

the seventh May, 1843, in the case of the heirs of Kosciusko, and contains the geneological chart of the descendants of the sisters of Kosciusko. It is not a judgment *inter partes*, but a foreign judgment *in rem*, and is evidence of the facts adjudicated against the world."

Another bill of exceptions was taken to the rejection of testimony, taken by commission, of witnesses not named in the interrogatories or commission. On crossing the interrogatories the defendant had objected to the taking of testimony of witnesses not named in the interrogatories, and he renewed the objection when the testimony was offered in evidence. We think the ruling correct. The party called on to cross question witnesses, when testimony is taken by commission, is entitled to be informed of the names of the witnesses, in order to know how to shape his questions. 12 R. 102.

Another bill of exceptions was taken to the refusal of the judge to grant a continuance of the case, after the refusal to receive the testimony of the witnesses whose testimony had attempted to be taken, under a commission and interrogatories, in which they were not named. The ruling was correct. The party had not used due diligence to get the evidence.

Other bills of exceptions were taken by the plaintiff to the reception of record evidence and other evidence to prove the legitimacy of the defendant, under the laws of Spain, etc., which had been admitted in evidence. We deem it unnecessary to examine them in detail, inasmuch as under our view of the law on the subject of this suit, our conclusions would be the same, whether that evidence were in or out of this record.

On the merits this case presents the same questions which this court decided in the case entitled Succession of Jose Maria Caballero, etc., before referred to in this opinion, and the evidence in the case is substantially the same in the two cases. A careful examination of the briefs and arguments of counsel has not enabled us to detect any error in our former opinions, even if the main question involved in this suit, the status of Mrs. Conté, were now an open question. But it is not.

It is well settled that a final judgment of a court of competent jurisdiction as to the status of a person, is *res judicata* as to all the world, and the force and effect of *res judicata* is "to make black white, and the crooked straight."

It is therefore ordered and adjudged, that the judgment of the lower court be reversed and annulled, and that there be judgment in favor of the defendant, Mrs. Conté, and rejecting the plaintiff's demands with costs of both courts.

Mr. Justice Wyly, being absent, took no part in this decision.

Rehearing refused.