[No. 7774. Department One. July 3, 1909.]

T. J. DONALDSON et al., Respondents, v. MAGGIE M. WINNINGHAM et al., Appellants.[1]

DEPOSITIONS—NOTICE—GIVING NAME OF WITNESS. Under Bal. Code, § 6019, for the taking of the evidence of a "witness" by deposition, and requiring sufficient notice to enable a party to attend and "three days for preparation," the notice must state the name of the witness to be examined, that being within the spirit if not the letter of the law.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 1, 1908, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Reversed.

John H. Allen, for appellants.

H. E. Foster, for respondents.

GOSE, J.—This case was here on a former appeal. See 48 Wash. 374, 93 Pac. 534. The suit was instituted by the respondents for the purpose of quieting title to certain real estate. Respondents claim title through the purchaser at a guardian's sale. The appellants were the former owners of the property, and in their cross-complaint have attacked the validity of the sale. This appeal is from a decree in favor

[1]Reported in 102 Pac. 879.

of the respondents. Numerous errors are assigned, but as we view the case it will be necessary to consider only two of the points urged. They are, (1) error in admitting in evidence the deposition of F. C. Woodruff; (2) in admitting in evidence the deposition of Dr. E. Van Zant. We will consider these assignments together.

The deposition of the witness Woodruff was taken at Medical Lake, and that of the witness Van Zant at Vancouver, Washington. Each of these depositions was taken upon a notice which failed to state the name of the witness whose testimony it was desired to take. Each of the notices stated that the deposition of "sundry witnesses" would be taken at a time and place and before a person named in the respective notices. The applicable statute is Bal. Code, § 6019 (P. C. § 985), which provides:

"Either party may have the deposition of a witness taken in this state before any judge of the superior court, justice of the peace, clerk of the supreme or superior court, mayor of a city or notary public, by serving on the adverse party or his attorney previous notice of the time and place of examination. The notice shall be served such time before the time when the deposition is to be taken as to allow the adverse party sufficient time by the usual route of travel to attend, and *three days for preparation*, exclusive of the day of service, and the examination may, if so stated in the notice, be adjourned from day to day. The notice shall specify the action or proceeding, the name of the court or tribunal in which the deposition is to be used, and the time and place of taking the deposition. It shall be served upon the adverse party, his agent, or attorney of record, or be left at his usual place of abode."

The part of the section specifying what the notice shall contain must be read in connection with the other parts of the statute. The statute as an entirety clearly contemplates that the name of the witness shall be stated in the notice. It provides that the deposition of "a witness" may be taken upon the compliance with certain conditions. Bal. Code,

§ 6017 (P. C. § 979), provides that "the testimony of a witness may be taken by deposition," and read in evidence in certain enumerated cases. The naming of the witness in the notice, if not within the letter, is within the spirit of the statute. One of the canons for the construction of statutes is that whatever is within the spirit of the statute is as truly within the statute as if it were expressed in words. Any other view might work great prejudice to the adverse party. If the name of the witness is given, the adverse party has an opportunity to investigate and determine whether he desires to attend the hearing and cross-examine. He cannot prepare for examination when the name of the witness is not given. The importance of the question is evident in this case. The points named in the respective notices were remote from the place of trial. It cannot be that the legislature intended to make it incumbent upon litigants to travel across the state to ascertain whether they wished to cross-examine the witness. There is ample authority to support this view. The statute of North Dakota (Revised Codes 1899, ch. 19, art. 7, § 5677), pertaining to the taking of depositions, is as follows:

"Prior to the taking of any deposition, unless the same is taken under a commission, a written notice entitled in the action or proceeding in which it is to be used and specifying the time and place of taking the same, shall be served upon the adverse party. The notice shall be served a sufficient time before the day specified therein to allow the adverse party time to attend by the usual route of travel and one day for preparation, exclusive of Sundays and the day of service. The examination may be adjourned from day to day."

In construing this statute, in *Ashe v. Beasley,* 6 N. D. 191, 69 N. W. 188, 190, the court said:

"We think that the letter and spirit of the statute require that the name of the witness whose deposition is desired should be inserted in the notice. Any other construction of the statute would, moreover, place the opposite party in a very embarrassing position, he being unable to ascertain,

down to the moment the witness was sworn before the notary, what witness he must prepare himself, or advise his assistant counsel to prepare himself, to meet. The party who desires to take depositions can always ascertain what witness it is necessary for him to examine. There is, therefore, no reason why he should not be required, in the interests of fair play, to disclose to his antagonist in advance the names of the witnesses who will be sworn at the specified time and place. Our statute contemplates that the adverse party shall have such notice as will enable him to reach the place designated, and prepare for the examination. Comp. Laws, § 5289. It is idle to expect him to prepare for the examination if he has no means of discovering what witnesses will be examined. And it is too clear to admit of countervailing argument that, if the doctrine is once enunciated that the name of the witness examined need not be stated in the notice, which contains at least one name, it will follow that the notice need not contain any name whatsoever. We believe our statute contemplates the giving of a notice which shall fully apprise the attorney for the opposite party as to the particular witnesses to be examined, to the end that he may determine whether it is necessary for him to be present at such examination, or to employ local counsel for that purpose, and to afford him opportunity for preparation to subject the witnesses to the test cross-examination."

In *Patterson v. Wabash etc. R. Co.*, 54 Mich. 91, 19 N. W. 761, 765, the court, speaking to the precise question, say:

"Although the statute does not in express words declare that the name of the witness proposed to be examined shall be given in the notice, yet it is clearly implied by its terms that the name of the witness shall be given in order to apprise the adverse party who it is he proposed to examine, as well as the time and place where he will be examined; and such has ever been the uniform practice in this state, whenever the depositions of witnesses are taken, unless by express stipulation waiving such requirement."

See, also, *Minot v. Bridgewater*, 15 Mass. 492; *Robertson's Admr's. v. Campbell,* 1 Tenn. 172; *Pape v. Wright*, 116 Ind. 502, 19 N. E. 459.

We think the view announced in these cases is a sound

construction of the statute. The judgment will be reversed, with directions to the trial court to grant a new trial. The appellants will recover their costs.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.