BERNHARD STERN & SONS, INC. *vs.* ARTHUR CHAGNON.

JANUARY 10, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Contracts.  Evidence.*

In an action to recover for refusal of defendant to accept and pay for three carloads of flour, where plaintiff had elicited from his agent in direct examination that defendant had refused to receive the second and third carloads and that the price of flour had gone down between the date of contract and the time when defendant refused to receive any more flour thereunder, it was error not to permit defendant on cross-examination to inquire of the agent what defendant said as to results obtained from use of the flour when witness called upon him subsequent to delivery of the first carload.

*(2)  Depositions.  Naming Witnesses in Citation.*

Under Gen. Laws, 1909, cap. 292, § 26, the names of the proposed deponents must be set out in the citation served upon the adverse party or his attorney of record relative to depositions to be taken without the State.

*(3)  Evidence.  Reading Portions of Documents.*

Where a party has offered papers in their entirety without making any attempt to reserve any portion thereof, but reads only a portion of such papers to the jury, he cannot deprive the adverse party of the benefit of other portions if they contain statements which would otherwise be admissible in evidence.

*(4)  Evidence.  Portions of Documents.*

Where a party offered a document in its entirety, but read only a portion thereof to the jury, it was not error to refuse to permit the adverse party to read the remainder which related to an alleged agreement prior to the execution of the written contract, and was therefore inadmissible as varying the terms of the contract.

ASSUMPSIT.  Heard on exceptions of defendant and sustained.

VINCENT, J.   This is an action of assumpsit for damages for breach of contract.   The plaintiff is the manufacturer of a brand of flour known by the name of "Spearhead Patent Flour."   The defendant is a baker.   On April 26, 1915, one F. W. Choat, an agent of the plaintiff, sold to the defendant three carloads of flour, amounting to six hundred and thirty

barrels, at $7.75 per barrel, the transaction being evidenced by a written order signed by the defendant.

Prior to ordering the flour the defendant obtained a sample thereof, consisting of two barrels, which he used and found satisfactory.

The defendant received the first carload of the flour and paid for it, but after using fifty barrels he cancelled the contract on the ground that it was not up to the sample and would not make merchantable bread.

The plaintiff then brought suit against the defendant and upon a trial thereof the jury rendered a verdict for the plaintiff in the sum of $672. Defendant's motion for a new trial was denied by the trial court and the case is now before us upon the defendant's exceptions as follows: 1st, to the ruling of the trial justice sustaining the objection to cross-question 100; 2d, to the ruling of the trial justice overruling the objection to the reading of the deposition of John H. Manning; 3d, to the ruling of the trial justice sustaining the objection to the reading in evidence of a certain letter written under the direction of the defendant; 4th, to the ruling of the trial justice sustaining the objection to the reading of a telegram marked plaintiff's exhibit 9; 5th, to the ruling of the trial justice sustaining the objection to the reading of the letter from the plaintiff to the defendant marked in the deposition of the plaintiff, plaintiff's exhibit 14; 6th, to the ruling of the trial justice sustaining the objection to the reading of the first paragraph of the letter from the plaintiff to the defendant marked in the deposition of the plaintiff, plaintiff's exhibit 14; and 7th, to the ruling of the trial justice denying the defendant's motion for a new trial, upon all grounds stated in said motion, to which ruling exception was duly taken by the defendant.

(1)      The first exception relates to the refusal of the trial court to permit the defendant to ask F. W. Choat, in cross-examination, what the defendant said, as to the results obtained from the use of the flour, when the witness called upon him subsequent to the delivery of the first carload.

The plaintiff had already elicited from this witness in his direct examination, that the defendant had refused to receive the second and third carloads and that the price of flour had gone down between the date of the contract and the time when the defendant refused to receive any more flour thereunder. Referring to the transcript of evidence we find the testimony of the witness on this point to be as follows: "Q. Whether or not he refused to receive the second and third cars ? A. He did. Q. After the contract was made and before the arrival of the second and third cars, did the price of flour go up or go down ? A. It went down. Q. And did he refuse to receive the second and third cars ? A. Yes."

This testimony would naturally furnish the basis for an argument to the jury that it was the change in price which prompted the defendant in his refusal to abide by the terms of his contract. In order to meet such a situation we think it would be competent for the defendant to bring out the fact that at the time when he refused to take any more flour he gave other reasons for such refusal, as for instance, that he was unable to produce therefrom merchantable bread.

The second exception of the defendant relates to the admission of the deposition of one John H. Manning, an expert in the baking, testing and analysis of flours.

(2)    On October 25, 1915, the plaintiff procured from the Superior Court a *dedimus potestatem*, directed to W. H. Cahill, a notary public of Milwaukee, Wisconsin, "to take the depositions of plaintiff and sundry witnesses to be used in the trial of Law No. 560 here pending between Bernhard Stern & Sons and Arthur Chagnon."

On November 23, 1915, Mr. Cahill, as notary public, notified the attorney of the defendant, in writing, that on December 9, 1915, "the deposition of Lee M. Powell, secretary of plaintiff, and sundry witnesses to be produced, sworn and examined on behalf of the plaintiff" would be taken before him at his office in the city of Milwaukee. At the time and place mentioned in the notice the depositions

of Lee M. Powell and J. H. Manning were taken. Counsel appeared for the plaintiff. There was no appearance for the defendant.

The defendant objected, at the trial, to the reading of the deposition of Manning on the ground that as the name of the witness did not appear in the notice he had not been notified of the taking thereof as the law requires. The objection was overruled and the deposition was read to the jury.

Our statute, Section 26, Chapter 292, General Laws of Rhode Island, 1909, relating to depositions to be taken without the state provides that, "the party causing such depositions to be taken shall notify the adverse party or his attorney of record of the time and place appointed for taking the same. . . ." It will be observed that this statute does not say in express terms that the names of the deponents shall be included in the notice, but it is claimed by the defendant that such requirement is within the spirit of the statute because without the names of the witnesses the adverse party cannot determine as to the necessity for cross-examination and might be forced to incur an unnecessary expense in sending counsel to another state or in the employment of other counsel resident at the place of caption. We think that this contention of the defendant is sound. By knowing the names of the witnesses the adverse party has an opportunity to familiarize himself with their character and standing and their connection with or relation to the case, thus enabling him to make suitable preparations for their cross-examination or to transmit ample instructions to a local attorney.

Take, for instance, the case at bar, the defendant might not unreasonably conclude that the testimony of Lee M. Powell, the secretary of the plaintiff corporation, would in the main be directed to the production and identification of the correspondence and other written evidence pertaining to the matter in question; while on the other hand he might naturally desire to subject an expert in the testing and

analyzing of flour to a careful cross-examination if he knew such a witness was to be produced.

The plaintiff argues that in obtaining a commission to take depositions it has never been the practice in this State to set forth the names of the witnesses and that a motion for the issuance of such a commission can be made and granted *ex parte.* The question before us is somewhat broader in character. The gist of the defendant's objection is that no information was in any way imparted to him that the deposition of Mr. Manning was to be taken. The notice issued by the commissioner and served upon the counsel for the defendant did not name Mr. Manning as a witness, although it gave the name of "Lee M. Powell, secretary of plaintiff," to which was added the words "and sundry witnesses to be produced," etc. The defendant does not claim that the name of Mr. Manning should have been inserted in the commission, but he does claim that he should have been in some way advised that such a witness was to be produced. We can see no necessity for setting forth the names of the witnesses in the commission provided they appear in the notice served upon the adverse party notifying him of the time when and the place where the depositions are to be taken. It is the conveyance of the information that satisfies the spirit of the statute. The commission being obtainable *ex parte* it would be of little consequence whether or not the names of the witnesses appeared therein, but we think they should be included in the later notice served upon the adverse party or his counsel.

If was further argued by the plaintiff, at the hearing, that inasmuch as the statute does not provide in express terms that the names of witnesses shall be inserted in the notice to be given to the adverse party, this court cannot sustain the defendant's exception taken to the reading of the Manning deposition at the trial. We find no case cited upon the plaintiff's brief in support of this proposition. There seems however to be ample authority holding that even though the statute does not contain express words

requiring that such notices shall contain the names of all witnesses to be examined, it is the spirit of the statute which must be considered and that as the statute contemplates a notice which shall give the adverse party full opportunity to be present and put interrogatories to the deponents it is implied that he must be informed of the names of the witnesses without which he cannot make proper preparation for their cross-examination.

In the case of *The Inhabitants of Minot* v. *The Inhabitants of Bridgewater*, 15 Mass. 492, the court said: "In the trial of this action the plaintiffs offered the deposition of one B. Niles, on which the magistrate had certified that notice had been given to the attorney of record of the defendants, to attend the taking thereof. The defendants denied the fact of notice, and produced the original notification of the magistrate to the said attorney; by which he was notified to attend the taking of divers depositions, at the time and place when and where it appeared that Nile's deposition was taken, the names of several witnesses being inserted, but that of Niles was not mentioned therein. The defendants objected to the admission of the deposition; but the judge overruled the objection; and a verdict being returned for the plaintiffs a new trial was granted; the court being of opinion that the notice required by statute was not sufficient, unless it contained the name of the person whose deposition was to be taken. It was good as to those named, but not as to any that were omitted; for it might be that the party to be affected, from his knowledge of his case, would not think it necessary to cross-examine the witnesses named in the notification; but it might be otherwise as to a witness not named, and that he would have thought it necessary to have attended the examination, had he been named. The certificate of the justice is not conclusive as to the notice."

In *Patterson* v. *Wabash, etc., R. Co.*, 54 Mich. 91, the court said: "Although the statute does not in express words declare that the name of the witness proposed to be examined shall be given in the notice, yet it is clearly implied

by its terms that the name of the witness shall be given in order to apprise the adverse party who it is he proposes to examine, as well as the time and place where he will be examined; and such has ever been the uniform practice in this State, whenever the depositions of witnesses are taken, unless by express stipulation waiving such requirement."

In *Ashe* v. *Beasley & Co.*, 6 N. Dak. 191, the court said: "We think that the letter and spirit of the statute require that the name of the witness whose deposition is desired should be inserted in the notice. Any other construction of the statute would, moreover, place the opposite party in a very embarrassing position, he being unable to ascertain, down to the moment the witness was sworn before the notary, what witness he must prepare himself, or advise his assistant counsel to prepare himself, to meet. The party who desires to take depositions can always ascertain what witness it is necessary for him to examine. There is, therefore, no reason why he should not be required, in the interests of fair play, to disclose to his antagonist in advance the names of the witnesses who will be sworn at the specified time and place. Our statute contemplates that the adverse party shall have such notice as will enable him to reach the place designated, and prepare for the examination. It is idle to expect him to prepare for the examination if he has no means of discovering what witnesses will be examined, and it is too clear to admit of countervailing argument that, if the doctrine is once enunciated that the name of the witness examined need not be stated in the notice, which contains at least one name, it will follow that the notice need not contain any name whatsoever. We believe our statute contemplates the giving of a notice which shall fully apprise the attorney for the opposite party as to the particular witnesses to be examined, to the end that he may determine whether it is necessary for him to be present at such examination, or to employ local counsel for that purpose, and to afford him opportunity for preparation to subject the witnesses to the test cross-examination."

In *Donaldson* v. *Winningham*, 54 Wash. 19, the court said: "The naming of the witness in the notice, if not within the letter, is within the spirit of the statute. One of the canons for the construction of statutes is that whatever is within the spirit of the statute is as truly within the statute as if it were expressed in words. Any other view might work great prejudice to the adverse party. If the name of the witness is given, the adverse party has an opportunity to investigate and determine whether he desires to attend the hearing and cross-examine. He cannot prepare for examination when the name of the witness is not given. The importance of the question is evident in this case. The points named in the respective notices were remote from the place of trial. It cannot be that the legislature intended to make it incumbent upon litigants to travel across the State to ascertain whether they wished to cross-examine the witness."

See, also, to the same effect *Flower* v. *Downs*, 12 Rob. (La.) 101; *Bonella and Caballero et als.* v. *Maduel*, 26 La. Ann. 112; *Robertson's Adm'rs* v. *Campbell*, 1 Overt. (Tenn.) 172; *Wright* v. *Jessup*, 3 Duer (N. Y.), 642; *Smith* v. *Westerfield*, 26 Pac. (Cal.) 206.

The defendant's exceptions 3, 4, 5 and 6 relate to the refusal of the trial court to permit the defendant to read to the jury a certain telegram and two letters sent by the defendant to the plaintiff. These documents were identified by the witness, Lee M. Powell, offered in evidence, and attached to his deposition taken at Milwaukee under the commission before referred to. Parts of such documents were read to the jury at the trial by the plaintiff. The defendant asked that he might read to the jury other parts which had not been read by the plaintiff. Such request was refused by the trial court.

(3)    Whether or not a party to a suit may offer in evidence some portion of a letter or other writing without making other portions thereof available to the adverse party is not the precise question which arises in this case.

The telegram and letters were each offered in evidence by the plaintiff in their entirety without making any attempt to reserve any portion or portions thereof. Having offered each of these documents, as a whole, and having read to the jury some portions thereof, can the plaintiff deprive the defendant of the benefit of other portions which may be material to his case? We do not think he can, provided such other portions contain statements that would otherwise be admissible in evidence.

In *Eaton's Trial*, 23 How. St. Tr. 1013, the defendant contended that the prosecution should be required to read the whole of the alleged seditious speech having read only that part which was included in the indictment, but the Recorder held that the defendant might read other portions as a part of his evidence if he wished.

In 2 Moody & Robinson 46 (note), it is stated, "It seems reasonable that, when a party produces a document in evidence, he must be considered as producing the whole of the document; his opponent has therefore a right to refer to any part of it as already in proof. In other words, he may extract the remaining contents of the document, provided they be relevant to the subject-matter, and bring them before the jury, on the same principle that he may by cross-examination extract from the witness all facts within that witness's memory, provided they be relevant to the subject-matter."

In *Tilton* v. *Beecher*, Abbott's Rep. II, 270, it was held that one party to the suit could not be required to read the whole of a newspaper article, a portion of which he had offered in evidence, but that the whole must be deemed to be in evidence, leaving the adverse party to point out to the jury other portions if he desired.

(4) Now were the other portions of these documents which the defendant desired to read admissible as evidence? They are in no way essential to a correct understanding of the portions read by the plaintiff and therefore could not be admitted on that ground. They relate to an alleged agree-

ment and guaranty on the part of the plaintiff's agent, prior to the execution of the written contract, that the flour should be satisfactory to the defendant and if not satisfactory the defendant should not be obligated to take the other two carloads, etc. We do not think that such evidence would be admissible to vary the terms of the written contract subsequently executed. *Harrison* v. *McCormick*, 89 Cal. 327; *Imperial Portrait Co.* v. *Bryan*, 111 Ga. 99; *Wiener* v. *Whipple*, 53 Wis. 298; *Meyer* v. *Everth*, 4 Camp. 22; *Heard* v. *Clegg*, 144 S. W. 1145; 35 Cyc. 379. Besides, by the terms of the contract, it is expressly provided that no verbal conditions or modifications can alter it.

The defendant's exceptions 3, 4, 5 and 6 are overruled. The defendant's exceptions 1, 2 and 7 are sustained and the case is remitted to the Superior Court with direction to grant the defendant a new trial.

*Murdock & Tillinghast*, for plaintiff.
*John A. Tillinghast*, of counsel.
*Felix Hebert, Boss & Barnefield*, for defendant.