[No. 20564. Department Two. October 26, 1927.]

F. L. JEWETT, *Respondent,* v. LOUIS A. BUDWICK, *Executor, Appellant.*[1]

[1] WITNESSES (44)—COMPETENCY—TRANSACTION WITH DECEASED—SUBJECT MATTER OF CONTROVERSY—SIGNATURE OF DECEASED. The identification of the deceased's signature to the promissory note in suit is not within Rem. Comp. Stat., § 1211, excluding the testimony of a party in interest or to the record in his own behalf as "to any transaction had by him" with the deceased.

[2] ALTERATION OF INSTRUMENTS (13-1)—EVIDENCE—SUFFICIENCY. A finding that there had been no alteration in the date line of a note is sustained by positive evidence to that effect, notwithstanding an expert's opinion to the contrary.

Appeal from a judgment of the superior court for King county, Hall, J., entered November 24, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Stanley J. Padden* and *George F. Ward,* for appellant.

*Solon T. Williams* and *Abe Spring,* for respondent.

MAIN, J.—This action is based upon a promissory note. The defendant is the executor of the last will and testament of Joseph M. Pompal, deceased. The trial was to the court without a jury, and resulted in a judgment in favor of the plaintiff in the sum of $1,864.31, from which the defendant appealed.

[1]Reported in 260 Pac. 247.

The note in question was executed at Circle, Alaska, September 1, 1918, and became due October 1, 1921. The respondent was the payee therein, and J. M. Pompal, deceased, was the maker. The note was presented to the executor of the last will and testament of the deceased as a claim against the estate, and was rejected. Thereafter the present action was instituted.

[1] Upon the trial, the respondent and one Abe Spring, who was a party in interest, were permitted to testify, over objection, that they were familiar with the handwriting of the deceased, having seen him write his name during his lifetime. This presents the first question to be determined.

Rem. Comp. Stat., § 1211 [P. C. 7722], provides that, where the adverse party sues or defends as executor, a party in interest or to the record shall not be permitted to testify in his own behalf as to any transaction had by him, or any statement made to him by the deceased person. In *Goldsworthy v. Oliver*, 93 Wash. 67, 160 Pac. 4, an action was brought by the executors of the estate of Peter Mack, deceased. Upon the trial, the defendant, over objection, was permitted to testify that he was acquainted with the signature of the deceased and that he had signed the receipts in question. It was there said:

"We are of the opinion that the identification of the signature to these receipts does not come within the terms of the statute, because such identification is not a transaction with the deceased or statement made by him."

In the appellant's brief in the present case, there are a large number of cases cited from other jurisdictions which it does not seem that it is necessary to review at this time. In *O'Connor v. Slatter*, 48 Wash. 493, 93 Pac. 1078, with reference to the statute above referred to, it was said, quoting with approval from

the opinion written upon the prior appeal of the same action, 46 Wash. 308, 89 Pac. 885:

"No statute exactly like ours has been called to our attention by the parties to this appeal, and upon independent investigation we have been unable to find any using the same language in the same order as ours. The authorities from other states upon similar statutes shed but very little light upon the question presented here."

It follows that the court did not err in receiving the testimony complained of.

[2] There is the further contention that there has been an alteration on the date line of the note and that, therefore, the action should be dismissed. This objection relates to the designation of the year by the figures "18." The appellant called a witness who was a handwriting expert, and his testimony tended to support the contention that there had been an alteration. There was positive testimony, on the other hand, which went in without objection that there had been no change or alteration in the note. The trial court, after hearing the testimony, apparently was of the opinion that there had been no alteration; and after reading the evidence as it appears in the statement of facts, we are of the same view.

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and HOLCOMB, JJ., concur.