[No. 28024. Department One. August 28. 1940.]

*In the Matter of the Estate of* HATTIE M. EAGLE, *Deceased.*[1]

[1]Reported in 105 P. (2d) 31; 109 P. (2d) 1072.

*Ralph A. Horr, Philip Tworoger,* and *Albert M. Franco,* for appellant.

*G. E. Steiner,* for respondent.

*Lee C. Delle, Cherry & Hull, N. K. Buck, Walter J. Robinson, Jr., D. V. Morthland, Lane Morthland, Foster & Foster, Clark & Grady,* and *L. B. Vincent, amici curiae* on rehearing.

MAIN, J.—Hattie M. Eagle died testate July 30, 1939. In paragraph I of her will, she bequeathed to "Rev. Ezra P. Giboney one hundred dollars." In paragraph II, she bequeathed to "Katie Brown two thousand dollars." By paragraph III, her surviving husband, Clark Eagle, was made the residuary legatee and devisee.

After the will had been duly admitted to probate and the inventory and appraisement had been filed, the surviving husband petitioned the court for an award of property out of the estate in lieu of homestead, as provided for in Rem. Rev. Stat., §§ 1473 and 1474 [P. C. §§ 9893, 9894]. All the assets of the estate were the separate property of the deceased. There were no children, and there had not at any time prior been a claim for a homestead. The trial court entered an order denying the application, from which the surviving husband appealed.

The question is whether the husband's claim for an award and set-off of property out of the estate

in lieu of homestead is superior to the claim of the legatees named in the will; and this depends upon whether the legacies are specific or general bequests. If they are specific, the rights of the legatees are superior, and, on the other hand, if they are general, the surviving husband has the superior right.

■ A specific legacy is a bequest of a particular thing. The testator must intend that the legatee have the very thing bequeathed, and not merely a corresponding amount in value, or like property. A general legacy is one which is payable out of the general assets of the testator's estate, such as a gift of money or other things in quantity, and not in any way separated or distinguished from other things of like kind. *In re Wood's Estate,* 267 Pa. 462, 110 Atl. 90; *Crabtree v. Kelly,* 65 N. D. 501, 260 N. W. 262; *Leighton v. Leighton,* 193 Iowa 1299, 188 N. W. 922; *In re Doepkes' Estates,* 182 Wash. 556, 47 P. (2d) 1009.

Under the rule stated, the bequests to Reverend Ezra P. Giboney and Katie Brown were definitely general, and not specific.

The order appealed from will be reversed, and the cause remanded for further proceedings.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.

### ON REHEARING.

[*En Banc.* February 3, 1941.]

JEFFERS, J.—This is an appeal from an order of the superior court for King county, entered December 19, 1939, in probate proceedings, denying the petition of the surviving spouse for an award of property in lieu of homestead.

There is no dispute as to the facts. Hattie M. Eagle died testate on July 30, 1939, at Seattle, Washington, leaving surviving her, her husband, Clark Eagle.

There were no children. All the property involved herein was admittedly the separate property of Hattie M. Eagle. The will of decedent provided:

"I. I give and bequeath to Rev. Ezra P. Giboney one hundred dollars.

"II. I give and bequeath to Katie Brown two thousand dollars.

"III. All the rest, residue and remainder of the property of which I may die seized or possessed, both real and personal and wherever situated I give devise and bequeath to my husband Clark Eagle.

"I hereby nominate and appoint G. E. Steiner the executor of this will to serve without bond and without the intervention of any court."

The will was duly admitted to probate, and G. E. Steiner duly qualified as executor, thereafter filing an inventory showing the personal property of the estate to consist of cash in bank, $1,119.50, and other personal property, the total appraised value of all the personal estate being $1,949.50. The inventory also shows certain real estate of the appraised value of $4,250.

On October 6, 1939, Clark Eagle, as surviving husband of Hattie M. Eagle, petitioned the court for an award in lieu of homestead, setting out in the petition, in addition to the facts hereinbefore mentioned, that no homestead had been claimed in the manner provided by law, either prior or subsequent to the death of Hattie M. Eagle, and that the funeral expenses, expenses of last sickness, and expenses of administration had been provided for. After a hearing on the petition, the court made and entered an order denying the application of petitioner, from which order Clark Eagle has appealed.

The assignments of error are that the lower court erred in denying appellant's petition for an award in lieu of homestead, and in holding that the bequests

to Katie Brown and Reverend Ezra P. Giboney were specific bequests.

On August 28, 1940, a Departmental opinion was filed in this case, in which the order of the trial court was reversed, for the reason, as stated in the opinion, that the bequests to Ezra P. Giboney and Katie Brown were general and not specific bequests, and that they were not superior to the claim of Clark Eagle to an award in lieu of homestead. On November 1, 1940, we granted a petition for a rehearing *En Banc,* and upon a reconsideration of the question involved, a majority of the court have reached a different conclusion than that expressed in the Departmental opinion.

We are now of the view that the question here involved does not turn upon whether the legacies are specific or general bequests, but rather upon whether Rem. Rev. Stat., §§ 1473 and 1474 [P. C. §§ 9893, 9894], were meant to exempt from the surviving spouse's rights to an award in lieu of homestead all separate property disposed of by will, irrespective of whether it is disposed of by specific or general bequests, and regardless of the fact that the surviving spouse may be the residuary legatee.

Section 1473, *supra,* provides that, under certain conditions therein set out, a three thousand dollar allowance in lieu of homestead may be set over to the surviving spouse, from either the separate or community property of the deceased.

Section 1474, *supra,* contains this proviso:

"Provided, that the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, *which is otherwise disposed of by will,* where there is no minor child living as the issue or adopted child of the surviving spouse and the deceased." (Italics ours.)

This appeal turns upon the construction to be placed upon the words "otherwise disposed of by will," as used in the proviso.

We are of the opinion that, in at least two prior cases, *In re Butler's Estate,* 129 Wash. 638, 225 Pac. 629, and *In re Pompal's Estate,* 150 Wash. 242, 272 Pac. 980, this phrase has been considered on factual situations which squarely presented the question now before us. In the former case, the trial court refused to make an allowance to a surviving spouse from separate property of the deceased spouse, disposed of by will. In that case, referring to the will of John N. Butler, we stated:

"By his last will, which was admitted to probate in Spokane county, this state, decedent gave his wife the income from ten thousand dollars during her natural lifetime, or until she remarried, specifically bequeathing the principal to his children by a former marriage. . . . All of the residue of the estate was devised and bequeathed in general terms to decedent's three children above referred to."

While, from the language used in the above opinion, it might be argued that part of the property at least was specifically bequeathed, we are satisfied that this court, in reaching its conclusion in the cited case, placed no weight upon that fact, and examination of the original files in the *Butler* case will show that all the bequests were general and not specific bequests. We quote further from the opinion in the cited case:

"The question thus presented is, was the property here sought to be set aside 'otherwise disposed of by will'? The primary rule of statutory construction is that the legislative intent is controlling. Where the intent is plain there is no room for construction. . . . The residuary clause of a will is just as much a part of the will, and a disposition of the property to which it applies is just as effective, as any other provision or disposition contained therein, and we see no convinc-

ing force to the argument presented here which seeks to lead us to a contrary view. . . .

"The property sought to be set aside having been otherwise disposed of by will, the judgment of the trial court was right, and it must be and is affirmed."

It might also be noted that in the cited case we referred to the case of *In re Hooper's Estate*, 117 Wash. 463, 201 Pac. 740, cited by appellant in the instant case, stating in regard thereto:

"We find nothing in what is said in *In re Hooper's Estate, supra,* which conflicts with this view; but on the contrary, the reasoning of that case, we think, strongly favors the views here expressed."

In *In re Pompal's Estate, supra,* the forms of the bequests do not clearly appear in the opinion. However, we have examined the original files in that case, and it appears from the will that, with the exception of one specific bequest and devise, all the remainder of the estate, which constituted the bulk of it, passed under general bequests and the residuary clause. With that factual situation in mind, we considered the question now before us, and stated: "The decedent left a will in which he purported to dispose of all of his property." The opinion further states: "In this instance, as we have pointed out, the property was disposed of by will." The lower court's decree allowing the award was reversed.

We are clearly of the opinion that this court, in construing the proviso hereinbefore referred to, has placed no weight upon the form of the bequest, but it has accepted the plain wording of the statute and construed it to mean that, where the separate property of a spouse has been disposed of by will, regardless of whether such disposition was in the form of specific or general bequests, the property is otherwise disposed of, and that the surviving spouse is not entitled

to have an award in lieu of homestead set aside to him or her from such property. We are entirely in accord with this construction of the proviso.

The judgment of the trial court is affirmed. Neither party will be allowed costs herein.

ROBINSON, C. J., BEALS, MILLARD, STEINERT, SIMPSON, and DRIVER, JJ., concur.

MAIN J. (concurring in the result)—The majority opinion in this case appears to be rested principally upon the cases of *In re Butler's Estate,* 129 Wash. 638, 225 Pac. 629, and *In re Pompal's Estate,* 150 Wash. 242, 272 Pac. 980. Neither of those cases was called to our attention at the time the case was heard by the department, and we did not know of them until after the Departmental opinion was filed. Subsequently, the petition for rehearing was granted, in which both of those cases were cited.

I agree that those cases are controlling. However, if the question were an open one, I would be of the view that the clause in the statute referring to property "which is otherwise disposed of by will" would only apply where the bequest or devise was specific, and not general. The construing of that language in the statute to apply to general bequests or devises, in effect, defeats the right of the surviving spouse to a homestead if the deceased has made a will disposing of his or her property, however general such bequests or devises may be.

For the reason indicated, I concur in the result.

BLAKE, J., concurs with MAIN, J.