Argued April 2; affirmed April 15, 1947

In re Ballard's Estate

BALLARD *v.* MAYS

(179 P. (2d) 732)

*C. M. Huddleston,* of Corvallis, for appellant.

*Karl T. Huston,* of Corvallis (Oehler & Huston, of Corvallis, on the brief), for respondent.

Before Rossman, Chief Justice, and Lusk, Belt, Bailey, Hay and Winslow, Justices.

WINSLOW, J. (Pro Tempore).

This is an appeal from the decree of the circuit court of Benton County granting to respondent a widow's allowance. C. R. Ballard died testate on the 29th day of October, 1945. His will was admitted to probate in Benton County, Oregon. Appellant, Clarence O. Mays, was named executor thereof. By his last will and testament, decedent bequeathed the sum

of $5 to respondent and the remainder of his estate to appellant individually.

Respondent, as the widow of said decedent, elected to take against the will and filed her petition in the probate court for a widow's allowance, alleging that $2,400 would be a reasonable sum to be allowed for her support and maintenance for the period of one year from the date of the filing of the inventory. The executor filed his answer admitting that respondent was the widow of decedent, denying that $2,400 was a reasonable sum to be allowed as a widow's allowance, and setting forth by way of separate answer that, for more than twelve years prior to the death of decedent, said respondent continuously and of her own free will lived separate and apart from her said husband and during all of said time and at the time of his death was not a member of decedent's household and performed none of the duties of wife of said decedent. Respondent in her reply admitted that the parties had lived separate and apart for more than twelve years prior to the death of decedent, and affirmatively alleged that the separation had been caused by cruel and inhuman treatment and personal indignities inflicted upon her by said decedent, setting out the particulars constituting such treatment.

After the case was at issue, an order was entered transferring the same to the circuit court for hearing. § 13-502, O. C. L. A. The matter came on for hearing before the late Judge L. G. Lewelling who entered his findings and decree in which he specially found that all matters alleged by respondent in her petition and in her reply were true, except that the court found that $1,000 would be a reasonable sum to be allowed respondent for her support and maintenance for a period of one year from the date of the filing of the inventory.

The court accordingly entered its decree requiring the executor to pay to respondent said sum for such allowance. The executor has prosecuted this appeal from that decree.

The record discloses that the family life of respondent and decedent was not a happy one. They were once married, divorced and remarried. Further domestic difficulties ensued. Some time along in the early 1930's they separated. The date of this separation is not definitely established. The record discloses that, prior to the separation, decedent deeded to respondent 160 acres of land adjacent to their home place. When respondent left decedent, she moved to this place and lived there continuously from that time to the present. The record also discloses that decedent was having financial difficulties at the time, that his property was mortgaged, that the interest on the mortgage and the taxes on the property were delinquent, and that he and respondent deeded the remaining portion of his property to his nephew, Clarence O. Mays, who is the executor of decedent's will and the appellant herein. Thereafter decedent remained on part of this property, engaged in buying and selling livestock, and, prior to the time of his death, accumulated an estate inventoried at $3795.27, consisting of a Plymouth automobile valued at $200 and cash amounting to $3595.27. The parties lived neighbors after the separation. Decedent helped respondent at her work at times, and in turn respondent rendered many services to decedent.

Appellant makes two contentions: (1) That respondent voluntarily and without legal cause separated from decedent and continued to live separate and apart from him until the time of his death, and on account thereof she waived her right to a widow's allowance; and (2) that the amount of the allowance as made by

the court is excessive. We shall consider these contentions in the order referred to.

Section 19-603, O. C. L. A., provides:

"If the property so exempt is insufficient for the support of the widow and minor children, according to their circumstances and condition in life, for one year after the filing of the inventory, the court or judge thereof may order that the executor or administrator pay to such widow, if any, and if not, then to the guardian of such minor children, an amount sufficient for that purpose; but such order shall not be made unless it appear probable that the estate is sufficient to satisfy all the debts and liabilities of the deceased, and pay the expenses of administration in addition to the payment of such amount."

■ It is contended by appellant that respondent waived her right to the allowance provided for in the statute by virtue of the fact, as it is contended by appellant, that she separated herself voluntarily and without legal cause from decedent and continued to live separate and apart during the remainder of his life. This position is challenged by respondent. The court heard the evidence and found that respondent left the home of decedent because of the cruel and inhuman treatment inflicted upon her by decedent. The evidence sustains the finding of the trial court. In fact the record discloses that, regardless of the cause of the original separation, respondent was willing to return to decedent and with reference to that matter gave the following testimony.

"A. He came over there and asked me to cook his meals for him and he would eat in my house, and this one time I was over there, he ate, and he says, 'If I had a woman to cook for me and had good warm food, I believe I would feel better,' and I said,

'You could have a woman to cook for you if you would treat me right; I would go back and cook for you and take as good care of you as I could.'

"Q. What did he tell you?

"A. No, he said we lived the best as we were— a mile apart."

It is contended by appellant that because of a sharp contradiction between the testimony of respondent and one Tebebaugh that the showing made by respondent is not to be relied upon. Careful analysis of the record, however, discloses that that which appellant claims is a contradiction is a mere confusion of dates. The incident referred to is remembered both by respondent and Tebebaugh but the dates differ. Respondent was not certain of her dates and was undoubtedly in error. But this does not render her entire testimony unworthy of belief.

There was an attempt by appellant to show misconduct upon the part of respondent. This evidence, even if true, would not tend to establish any of the issues in this case. It would more logically give a reason for decedent refusing to live with respondent. However, no woman's character should be besmirched and assassinated by any such showing as is made in this record. The record clearly sustains the finding of the trial court.

It is contended by respondent that she is entitled to a widow's allowance regardless of whether her separation from decedent was voluntary or otherwise. However, in view of the fact that the trial court found that the separation was not a voluntary separation, in view of the further fact that we hold that the evidence sustains that finding, and in view of the admission by appellant that if the separation was caused by the misconduct of decedent she would be entitled to such allow-

ance, it is not necessary to pass upon the contention of respondent regarding that matter. We hold that respondent was entitled to a widow's allowance.

We shall now briefly give our attention to the second contention of appellant that the amount allowed by the court is excessive.

■ The evidence shows that respondent is not well and that this fact was taken into consideration by the trial court. Our attention is called to *In re Frizzell's Estate,* 95 Or. 681, 188 P. 707. In that case the court allowed $50 per month, but in addition to that there was set off to the widow a homestead from which she derived some income. Here there was no homestead set off to respondent. In *In re Shepherd's Estate,* 152 Or. 15, 37, 41 P. (2d) 444, 49 P. (2d) 448, the allowance was for $2700. Taking into consideration the present high cost of living, this court cannot say that the allowance made by the trial court is excessive.

The decree is affirmed.