Argued January 8, affirmed as modified February 4, 1953

# IN THE MATTER OF THE
# ESTATE OF CARL HENRY AAMOTH, Deceased
# AAMOTH *v.* LARSON, Executor

253 P. 2d 268

*O. G. Larson,* of Portland, argued the cause and filed a brief for appellant.

*Samuel Jacobson,* of Portland, argued the cause for respondent. With him on the brief was Leo Levenson, of Portland.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK, TOOZE and PERRY, Justices.

LATOURETTE, C. J.

This is an appeal by O. G. Larson, as executor of the estate of Carl Henry Aamoth, deceased, from an order of the circuit court of Multnomah county, Department of Probate, authorizing a widow's allowance of $75 per month for a period of one year to Eva Aamoth, widow of said decedent, and from an order in such proceedings allowing to said widow's attorney the sum of $75.

The parties were married in 1906 and remained husband and wife until the decedent's death; however, for about ten years prior to his death they had not lived together as husband and wife, decedent living in Multnomah county and the widow residing in Clackamas county. During that period the widow sustained

herself by her own earnings, the husband contributing nothing toward her support, and accumulated a net of some $2,300, earning, however, at and before the decedent's death the sum of approximately $35 per month.

The estate was appraised at $15,000 and contained no exempt property. The deceased left a will bequeathing $5,600 to his three children, grandchildren and other relatives, $1,000 to his wife, and the residue of the estate to a church. The widow renounced the specific bequest of $1,000 to her and elected to take an undivided one-fourth interest of all the personal property of which the decedent died possessed.

She thereupon petitioned the court for $75 per month as a widow's allowance for a period of one year to which the executor objected on the ground that the widow without cause deserted and abandoned the deceased and continued to wilfully desert him and live separate and apart from him for a period of ten years at the time of his death, during which period she received no support from him.

There being no evidence concerning the reason for the widow's absentation from the deceased, the question posed is expressed by the executor in his brief as follows:

"* * * Does Section 19-603, O.C.L.A., authorize the granting of widow's allowance to a woman who has supported herself without any financial assistance from her husband and who has lived separate and apart from him for more than ten years immediately prior to his death?"

To solve this problem, we are asked to consider the following statutes:

"§ 19-601. Until administration of the estate has been granted and the inventory filed, the widow

and minor children or husband and minor children of the deceased, as the case may be, are entitled to remain in the possession of the homestead, all the wearing apparel of the family and household furniture of the deceased, and also the widow and minor children shall have a reasonable provision for their support during such period, to be allowed by the court.''

''§ 19-602. Upon the filing of the inventory the court or judge thereof shall make an order setting apart for the widow, widower or minor children of the deceased, if any, all the property of the estate exempt from execution, according to exemption laws in effect as of date of death of deceased. The property thus set apart is the property of such widow or widower to be used or expended by him or her in the maintenance of herself and minor children, if any; or if there be no widow or widower it is the property of the minor child; or if more than one child, then of the minor children in equal shares, to be used or expended in the nurture and education of such child or children by the guardian thereof, as the law directs.''

''§ 19-603. If the property so exempt is insufficient for the support of the widow and minor children, according to their circumstances and condition in life, for one year after the filing of the inventory, the court or judge thereof may order that the executor or administrator pay to such widow, if any, and if not, then to the guardian of such minor children, an amount sufficient for that purpose; but such order shall not be made unless it appear probable that the estate is sufficient to satisfy all the debts and liabilities of the deceased, and pay the expenses of administration in addition to the payment of such amount.''

██ It is the contention of the executor that the foregoing sections of the code considered together lead to the inescapable conclusion that the surviving spouse must reside with the deceased at the time of his death

in order to be entitled to any of the rights therein specified. Section 19-601 deals with the possession of the homestead, wearing apparel, household furniture and a reasonable allowance for the support prior to the administration of the estate. Section 19-602 relates to the setting aside for the widow or minor children of the deceased the exempt property of the estate. Section 19-603 has to do with the allowance of the widow and minor children for support for a period of one year. So far as the record in this case is concerned, there is no homestead, neither is there household furniture nor wearing apparel in the family, nor property exempt from execution; therefore, it seems perfectly clear that the legislature did not intend to deny the surviving spouse of the right to support if there were no homestead or property exempt from execution. A proper interpretation of § 19-603, OCLA, leads to the logical conclusion that the surviving spouse is entitled to support for a period of one year from the filing of the inventory where there is no property exempt from execution. If this were not so, the very purpose of the support statute would be defeated. Since this is so, we must determine the meaning of § 19-603 without reference to the other two sections.

The precise question with which we are concerned has never been decided by this court, although in *In re Ballard's Estate,* 181 Or 7, 179 P2d 732, the question was raised but remained undecided. In that case the parties had lived separate and apart for more than 12 years prior to the death of the decedent, and it was contended by the executor that the widow was not entitled to a support allowance from her husband during that period of time, was not a member of the decedent's household and had performed none of her wifely duties. The widow countered by claiming that

the separation was caused by cruel and inhuman treatment inflicted on her by the decedent. We held that the evidence in the case disclosed that the widow left the home of her husband because of the cruel and inhuman treatment accorded her and was, therefore, entitled to a widow's allowance.

Although, in the Ballard case, we declined to pass on the particular question now contended for by the executor, it seems clear that the decision in that case —at least inferentially—negatives the idea that §§ 19-601 and 19-602 have anything to do with the matter.

The executor relies on *In re Estate of Noah,* 73 Cal 583, 15 P 287. In that case the parties lived together for five or six weeks, separated and then lived separate and apart until the death of the husband some eight years later. At the time of the separation they entered into a separation agreement whereby the wife received $10,500 and agreed not to demand any alimony or support from her husband, and that said sum of money would be in full satisfaction of all of her marital claims. The court held that, under the facts in the case, the widow was not entitled to support money.

In a much later case, *In re Foreman's Estate,* 16 CalApp2d 96, 60 P2d 310, where there was no agreement of separation, the court held that a widow may be entitled to a family allowance under the support statute notwithstanding that she was living apart from her husband at the time of his death. A number of earlier California decisions are cited in the text.

The case of *In re Estate of Lonz,* 66 Ohio App 467, 35 NE2nd 153, cited by the executor, does not aid the appellant. In that case, in litigation between the husband and wife, the husband was found guilty of adultery

in 1915. The parties lived separate and apart from that time until the death of the wife in 1940. Upon her death the husband filed a claim to the immediate and exclusive possession of the mansion house of the decedent for a period of one year. The statute in question provided that the surviving spouse " 'may remain in the mansion house of the deceased consort, free of charge, for one year, * * *.' " The court held that, since the husband was not residing in the mansion house at the time of his wife's demise, he could not remain on premises where he had not theretofore resided.

In our sister state of Washington, where the support statute is quite similar to that of Oregon's, it has been consistently held that the widow is entitled to an allowance notwithstanding her living apart from her husband since the support statute makes no exceptions to such right so long as there is a lawfully existing marriage at the time of the husband's death. See *In re Chisholm's Estate,* 159 Wash 674, 294 P 973; *In re Pompal's Estate,* 150 Wash 242, 272 P 980.

It is true that in several of the courts in other jurisdictions it has been held that the widow must have resided with her husband to enable her to get support upon his demise. Some of these cases are based on statute and others, in our opinion, on illogical reasoning.

In Oregon, there is a statutory duty on the part of the husband to support his wife. Insofar as the record in the instant case is concerned that duty never ceased. The fact that the widow was living apart from the husband and that he did not support her during her absence would not, in itself, relieve him from his legal duty to continue her support during marriage. Upon the death of the husband, the law again steps in

by virtue of § 19-603 and continues support for the stated period.

It is well established that support statutes are to be liberally construed, and, since there are no restrictions, exceptions or qualifications contained in § 19-603 as to the support of the widow, other than those concerning the debts of the deceased and expenses of administration, we hold that the widow was entitled to the support awarded by the trial court.

■ The court was in error, however, in awarding the widow $75 attorney's fees. There is no statute covering this matter nor do the decisions sustain the allowance. In some cases we have held that where the litigation in the probate of an estate is of benefit to the estate, attorney's fees may be allowed. In the present case, however, the support proceedings could in nowise be of any value to the estate; they were prosecuted solely for the widow's advantage. *In re Faling Estate,* 113 Or 6, 228 P 821, 231 P 148; *In re Gratton's Estate,* 136 Or 224, 298 P 231.

The order of the court is affirmed, excepting as to the allowance of attorney's fees. Costs and disbursements awarded to respondent.