Argued July 29; decided August 5, 1895.

### Re DEKUM'S ESTATE.
[41 Pac. 159.]

EXECUTORS AND ADMINISTRATORS—ALLOWANCE TO WIDOW.—The fact that a widow, prior to the obtaining by executors of an order of court for a monthly allowance, agreed, for a valuable consideration, that it should be in lieu of dower, does not justify the executors in refusing to pay such monthly allowance, except on condition that she receipts for the same as in lieu of dower, where the order contains no provision that it shall be so received.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an appeal from a decree of the Circuit Court affirming an order of the County Court of Multnomah County. The facts are that on October nineteenth, eighteen hundred and ninety-four, Frank Dekum died testate in said county, and, his last will having been admitted to probate, Edward Dekum and Adolph Dekum, who were named therein as executors thereof, duly qualified as such, and, on November sixteenth of that year, filed in said county court their petition, from which it appears that an inventory had been taken, and that the appraised value of the estate, over

and above all probable indebtedness, amounted to five
hundred and forty-eight thousand and eighty-two dol-
lars; that the net monthly income therefrom, after
paying expenses, taxes, and interest, was about one
thousand dollars; that the deceased had devised and
bequeathed all his property exempt from execution to
his children; and upon this showing prayed for an
order directing them to pay to Phœbe M. Dekum,
widow of the deceased, such sum as the court should
find her entitled to receive for her support from the
estate, pending the administration thereof. On the
twenty-seventh of that month an order was made di-
recting them to pay her three hundred dollars per
month for that purpose for the term of one year from
the death of her husband, or until the further order
of the court. The executors paid the monthly install-
ment which became due November nineteenth, but,
having made default in the payment of the allowance
for the following month, upon the petition of the
widow they were cited to appear and show why they
had not complied with the terms of the order. To
this petition they filed an answer, alleging, in sub-
stance, that they were ready and willing and offered
to pay her the allowance awarded upon receiving from
her a receipt showing that she accepted the same in
lieu of her dower interest in the estate for the month
ending December nineteenth, eighteen hundred and
ninety-four; that the petition for her allowance and
the order made thereon were prepared and obtained
by them in pursuance of an express agreement with
the widow that the monthly allowance was to be paid
her in lieu of any and all dower or claim of dower
during the continuance of such allowance. This an-
swer was, upon motion, struck out, and an order made
requiring the executors forthwith to pay to the widow

the installment due December nineteenth, eighteen hundred and ninety-four, from which order the executors appealed to the circuit court of said county, and, being there affirmed, they appeal to this court.

AFFIRMED.

For appellants there was an oral argument by *Mr. Milton W. Smith.*

For respondent there was an oral argument by *Mr. Seneca Smith.*

PER CURIAM. The property of the estate exempt from execution having been devised and bequeathed by the testator to his children, and the estate being sufficient to satisfy all the debts and liabilities of the deceased, and pay the expenses of the administration, together with such allowance, the right of the county court to make the order cannot be successfully controverted: Hill's Code, § 1128.* But it is contended that the court erred in striking out the executors' answer to the widow's petition. The order requiring the executors to pay the allowance contains no proviso or condition that the amount awarded to the widow for her support should be received by her in lieu of dower. If, upon sufficient consideration, she made the agreement alleged in their answer, the proper time to plead it, if available as a defense, is when she makes a claim of dower during any portion of the time embraced in the order making the allowance. Under such circustances the widow was entitled to the monthly installment upon giving an ordi-

* Hill's Code, § 1128, authorizes the court, when the property of a decedent exempt from execution is insufficient to support the widow for one year after filing of the inventory, to order the executors or administrators to make her an allowance, provided it is probable that the other estate is sufficient to pay all the liabilities of the estate and costs of administration in addition to such allowance.

nary receipt therefor, and, not having made any claim of dower, the answer of the executors to her petition was frivolous, and in striking it out the county court committed no error.                              AFFIRMED.