## In re GORDAY GARMENT CO.

## CROCKER v. KAY.

### No. 15938.

District Court, D. Oregon.
Jan. 2, 1932.

Dean H. Dickinson and A. W. Gentner, both of Portland, Or., for administratrix.

S. B. Weinstein, of Portland, Or., for bankrupt.

Abraham Asher, of Portland, Or., for trustee.

FEE, District Judge.

The court finds that on and after March 9, 1931, Thomas B. Kay operated the Gorday Garment Company as assignee for the benefit of creditors, and through such operation received $4,341.60, which was kept in a special account.

On April 1, 1931, involuntary petition in bankruptcy was filed against Gorday Garment Company, upon which an adjudication was made April 3, 1931.

On April 28, 1931, Thos. B. Kay died intestate, and Cora M. Kay was, by order of the county court of Marion county, Or., appointed administratrix of the estate of Thos. B. Kay, and has qualified and is acting in that capacity. There came into her hands as administratrix, in the special account, $2,686.73, which, upon demand and pursuant to an order of the county court of Marion county, she turned over to the trustee.

The trustee petitioned for a summary order to Cora M. Kay as administratrix, directing her to pay over $1,654.87 additional. There was immediate objection on the ground of lack of jurisdiction, which was continued at the hearing.

The referee received in evidence certain of the checks written by one Robertson, and not by Kay, which amounted to $1,654.87, and which had been paid out of the funds during the operation. The referee did not take any evidence as to the expenses for which these disbursements were made, and refused to permit a showing that these had all been incurred prior to the involuntary bankruptcy. It seems to have been conceded on the basis of the return that these expenses, whether paid before or after the bankruptcy, were proper and reasonable, with the exception of the three items below mentioned.

The referee, however, directed Cora M. Kay, as administratrix, to pay over to the trustee $425. The basis of this finding lies in the fact that three checks had been issued after the filing of the involuntary bankruptcy, which are described as follows: (1) Thos. B. Kay, services as assignee, $150; (2) J. H. Robertson, services as manager, $200; (3) Dean H. Dickinson and Albert W. Gentner, services as attorneys, $200. The referee

164

found, without any evidence, that these amounts were too great, and assumed to allow $75 to Kay for services, and $50 to the attorneys, and disallow all the rest, and direct the administratrix to turn over the money forthwith. ·

There was no showing that the administratrix had any assets in her hands belonging to the estate. There was no showing that she had ever received any money of the Gorday Garment Company except that in the special fund which she released upon demand. It is clear that the $450 had been disbursed as part of the $1,654.87 before Kay's death, by Robertson, and she is not shown to have had any connection therewith. She has never submitted to the jurisdiction of the referee's court.

An administratrix is not a personal representative in the sense that she becomes legally endowed with the rights and liabilities of the deceased, as did the haeres of the Roman Law. There is no agency between the dead and the living. When one dies, there is no other under the law who becomes charged with his obligations with respect to personal property, as a matter of law. The intervention of the county court of the state of Oregon would be necessary before any one could take possession of the property of a deceased. A person is not entitled to become administratrix as of right, but only subject to the order of a court. By appointment the administratrix becomes the arm of the court. Her possession is the possession of the court. Her dealings with the property are transactions of the court, for she acts under its authority and is guided by its orders. In every sense the administratrix is the officer of a court. See Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867.

It would indeed be the height of injustice, therefore, to attempt to punish personally, by contempt, an administratrix, for failure to turn over to the trustee money to which the latter believes he is entitled. This officer cannot act without the authority of the county judge. It would be more to the point to treat the latter as the culprit.

No funds are proven to be in the hands of the administratrix. The unexpended balance of the assignee's fund was found segregated in a Portland bank, and is in the hands of the trustee. No funds whatsoever from the bankrupt estate are traced into the hands of the administratrix. Kay did not draw the checks. There is one payment to Kay of $150 before his death, but the record does not show this money came into the hands of the administratrix.

The other funds with which the administratrix is charged were those disbursed by the agent of Kay to three different people, and the trustee may proceed against them. These funds did not come to the administratrix, and she should not, under the pains and penalties of contempt, be required to account for them summarily, even though recovery might be had from the estate upon claim appropriately pressed in the probate court or by plenary suit.

There is no authority upon the subject, but In re Pierce (D. C.) 102 F. 977, 978, throws some light upon the situation. In that case the administrator of a deceased partner was in possession of and administering the partnership estate under the orders of the probate court of Washington. The surviving partner filed a petition in bankruptcy for himself and the firm. The court says, in passing upon the problem of administration of the assets by the bankruptcy court: "The bankruptcy court * * * has complete jurisdiction * * * over the partnership estate * * * provided possession of the assets can be obtained by the referee without forcibly interfering with property in the legal custody of an administrator. If the administrator will voluntarily surrender possession of the estate, the trustee may take it; but the trustee cannot take possession of any property of which the administrator has custody without his consent."

There the probate court had prior custody of the property. Here it is not shown to be in possession of any property which ever belonged to the bankrupt estate. See In re Jack Stolkin, Inc. (C. C. A.) 42 F.(2d) 829. Whatever might have been the situation if Kay were alive, it is patent any claim against the administratrix is adverse. But no finding was ever made that the payments were made without a colorable claim of right, a jurisdictional prerequisite. May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870.

The referee might be empowered to punish the assignee for failure to produce funds committed to his custody. Certainly the administratrix does not come within that reason, because she never had the funds, and did not make any wrongful application thereof. Besides, if the trust fund, or even part of it, had been traced into her possession, a different doctrine might apply, and summary remedies be available for following it. But here

it was not shown that the estate had assets, much less the particular money.

In any event, a summary direction to pay would constitute administration of the estate. If there were no fluid assets in such an estate, an administratrix would be unable to obey the order.

The administratrix appeared specially and challenged the jurisdiction, and this objection must be sustained, and the order of the referee vacated.