### CROCKER v. KAY.
#### No. 6758.

Circuit Court of Appeals, Ninth Circuit.
Dec. 5, 1932.

Coan & Rosenberg and Abraham Asher, all of Portland, Or., for appellant.

Dean H. Dickinson and Albert W. Gentner, both of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

The appellant, trustee in bankruptcy of the estate of Gorday Garment Co., bankrupt, sought an order from the referee requiring Cora M. Kay, as administratrix of the estate of Thomas B. Kay, deceased, to turn over to him property which the deceased had received as assignee for the benefit of creditors of said bankrupt before bankruptcy proceedings were instituted. The referee directed the administratrix to turn over the sum of $425, "being the sums disallowed of the disbursements made by the assignee subsequent to the filing of the involuntary petition in bankruptcy." The disbursements involved were $200 attorney's fee, $200 to J. H. Robertson for services as manager, and $150 to himself as assignee. Of these amounts the referee allowed $75 on the last item paid to the assignee and $50 attorney's fee. After these allowances were deducted, the balance of $425 was ordered turned over. The administratrix voluntarily turned over the entire fund she had received from the special account of the assignee amounting to $2,686.73. The balance of the amount received by the assignee, amounting to $1,654.87, had been expended in the course of his administration of the assets of the Gorday Garment Company. The only disbursements questioned are those above stated, which the referee disallowed to the extent of $425. The District Court, however, on review of the order of the referee held that the order was beyond the jurisdiction of the court in a summary proceeding. The opinion of the trial court, which was adopted as the findings of the court, includes the findings already stated herein, and also the following (In re Gorday Garment Co., 2 F. Supp. 162):

"It seems to have been conceded on the basis of the return that these expenses, whether paid before or after the bankruptcy, were proper and reasonable, with the exception of the three items below mentioned.

"The referee, however, directed Cora M. Kay, as administratrix, to pay over to the trustee $425. The basis of this finding lies in the fact that three checks had been issued after the filing of the involuntary bankruptcy, which are described as follows: (1) Thos. B. Kay, services as assignee, $150; (2) J. H. Robertson, services as manager, $200; (3) Dean H. Dickinson and Albert W. Gentner, services as attorneys, $200. The referee found, without any evidence, that these amounts were too great, and assumed to allow $75 to Kay for services, and $50 to the attorneys, and disallow all the rest, and direct the administratrix to turn over the money forthwith.

"There was no showing that the administratrix had any assets in her hands belonging to the estate. There was no showing that she had ever received any money of the Gorday Garment Company except that in the special fund which she released upon demand. It is clear that the $450 had been disbursed as part of the $1,654.87, before Kay's death, by Robertson, and she is not shown to have had any connection therewith. She has never submitted to the jurisdiction of the referee's court. * * *

"No funds are proven to be in the hands of the administratrix. The unexpended balance of the assignee's fund was found segregated in a Portland bank, and is in the hands of the trustee. No funds whatsoever from the bankrupt estate are traced into the hands of the administratrix. Kay did not draw the checks. There is one payment to Kay of $150 before his death, but the record does not show this money came into the hands of the administratrix.

"The other funds with which the administratrix is charged were those disbursed by the agent of Kay to three different people, and the trustee may proceed against them. These funds did not come to the administratrix, and she should not, under the pains and penalties of contempt, be required to account for them summarily, even though recovery might be had from the estate upon claim appropriately pressed in the probate court or by plenary suit."

■■ The appellant does not and did not contend that the amounts paid out or retained were not claimed in good faith, or were merely colorable claims, but does assert that the mere fact that the payments were made after the filing of the petition in bankruptcy gave the bankruptcy court summary jurisdiction, regardless of the fact that the services rendered were prior thereto. The Circuit

Court of Appeals of the Second Circuit in Re Jack Stolkin, Inc., 42 F.(2d) 829, held that an assignee was to be treated as an adverse claimant as to amounts so paid, notwithstanding that the amounts were paid after the petition in bankruptcy, if the services paid for were rendered before the filing of the petition. This decision was based upon two decisions of the Supreme Court (Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413, and Galbraith v. Vallely, 256 U. S. 46, 41 S. Ct. 415, 65 L. Ed. 823), which undoubtedly sustain the conclusion therein reached. Appellant relies upon May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870, to sustain the jurisdiction of the bankruptcy court in summary turnover proceedings, but, as pointed out in that case by Mr. Justice Stone in the opinion, the court was dealing with an adverse claim which was merely colorable and on its face made in bad faith and without any legal justification. Perhaps claims for attorneys' fees and compensation of an assignee might be so extravagant in amount as to justify such a designation, but no such contention is advanced by appellant nor could it be sustained, if advanced, in the case at bar.

We conclude on the authority of the cases cited, that the trial court would have had no jurisdiction in a summary proceeding to require the assignee to pay over amounts claimed or paid out in good faith for services rendered prior to the petition in bankruptcy (see, also, 5 Remington on Bankruptcy, §§ 2087, 2153), and, a fortiori, that his administratrix, who had not received such funds so paid out, could not be compelled so to do in a summary proceeding. See, on this subject, but not directly in point, In re Pierce (D. C.) 102 F. 977, Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867.

Order affirmed.