Submitted on briefs June 21; reversed June 26, 1934

IN RE MEAD'S ESTATE

## LUVERNE HOLDING CO. *v.* MEAD
### (34 P. (2d) 346)

*Elmer Johnson,* of Portland, for appellant.

No appearance by respondent.

BAILEY, J. In December, 1917, Alice I. Mead was, by the county court of Yamhill county, Oregon, ap-

pointed administratrix of the estate of her late husband, Volney C. Mead. Thereafter the First National Bank of Luverne, Minnesota, served upon and filed with the administratrix claims based on two promissory notes executed by Volney C. Mead during his lifetime. Later, the First National Bank consolidated with the Farmers National Bank of Luverne, under the name of First & Farmers National Bank of Luverne, Minnesota. When the estate had been administered for a number of years, the administratrix thereof rejected these claims, and the First & Farmers National Bank of Luverne thereupon presented its claims to the county court. Before the court had passed upon them, the bank became financially involved and the claims were transferred to Luverne Holding Company, which company thereafter continued litigation in the name of its assignor.

The county court, after trial, denied the claims, from which order an appeal was taken by the Luverne Holding Company to the circuit court in the name of the First & Farmers National Bank. There the appeal was dismissed on the alleged ground that the notice of appeal was defective. From this latter order an appeal was taken to this court and the decree or order of the circuit court was reversed and the cause remanded for further proceedings: *In re Mead's Estate,* 145 Or. 150 (26 P. (2d) 1103).

Thereafter trial was had in the circuit court on the appeal from the county court and a judgment was entered in favor of the First & Farmers National Bank of Luverne, Minnesota, for the use of Luverne Holding Company, and against the administratrix of the estate, on January 24, 1934, in the sum of $6,320.50, and for the appellant's costs and disburse-

ments. No appeal has been perfected from the latter judgment to this court.

Following the denial of these claims by the county court and while an appeal from the order denying them was pending, the administratrix filed her final account, in which she stated that all claims against the estate had been paid. In the final account it appeared that the administratrix had withdrawn from the estate a sum in excess of $16,300, which was designated as widow's allowance. The inventory was filed on December 10, 1917. The probate court on December 12, 1917, made an order allowing the administratrix $70 a month as the widow of the deceased, and on May 2, 1918, this was increased to $100 a month.

The Luverne Holding Company objected to this final account on several grounds, the first of which was that the order denying its claims was on appeal and that therefore the estate should not be closed until the final determination of its claims. Second, objection was made on the ground that the administratrix was not entitled to a widow's allowance beyond the period of one year from the date of the filing of the inventory, or a total of $1,050. The objections filed by the Luverne Holding Company were overruled on the ground that its claims had been disallowed by the county court on a previous hearing, and an order was entered approving the final account. An appeal was taken to the circuit court for Yamhill county from the order approving the final account and overruling the Luverne Holding Company's objections to that account. There the order of the county court was upheld on the ground that the claims of the Luverne Holding Company had been denied by the county court and the appeal from such order had been dismissed by the

circuit court. From this last order the present appeal is prosecuted.

■ When the claim of a creditor of an estate has been rejected by the administrator, the creditor may either present the matter directly to the probate court or institute independent action thereon in the circuit court: *Phillips v. Elliott,* 144 Or. 694 (17 P. (2d) 1119, 25 P. (2d) 557). In the case at bar the Luverne Holding Company adopted the former course.

■ At the time the final account was filed the estate was not fully administered, as an appeal was pending from the county court's disallowance of the claims of the Luverne Holding Company. The administratrix not only had personal knowledge, from being a party to such appeal, that the matter was not closed so far as these claims were concerned, but the fact of the pendency of the appeal was set forth in, and formed the basis for, the objections to the approval of the final account made by this claimant. Both the county court and the circuit court erred in entering the order approving the final account and discharging the administratrix during the pendency of such appeal.

The claims of the Luverne Holding Company have now, as above stated, been finally determined in the circuit court for Yamhill county, in favor of the claimant. The decree of the circuit court disallowing these claims and approving the final account should be set aside and an order entered allowing the claim of the Luverne Holding Company in the sum of $6,320.50, together with whatever amount the said claimant is entitled to as costs and disbursements in the proceeding wherein it was awarded judgment against the administratrix for the above amount.

■ Section 11-403, Oregon Code 1930, provides that in the event that the property exempt from execution is

insufficient for the support of the widow for one year after the filing of the inventory the court may order the executor or administrator to pay the widow "an amount sufficient for that purpose; but such order shall not be made unless it appear probable that the estate is sufficient to satisfy all the debts and liabilities of the deceased, and pay the expenses of administration in addition to the payment of such amount". In the present case it appears that there were sufficient assets to pay all the debts of the deceased and the costs of administration as well as to allow the widow support for one year after the inventory had been filed. However, there is no order in the record specifically granting the widow any allowance for more than one year; and the statute above cited does not confer upon the probate court authority to make any such order.

The objections of the claimant to so much of the final account of the administratrix as showed an unauthorized amount, to wit $15,250, appropriated to her own use subsequent to one year from the date of the filing of the inventory, under guise of a widow's allowance, should have been sustained, and the administratrix should have been required to account for said fund or so much thereof as is necessary to pay the entire claim of the Luverne Holding Company.

The decree of the circuit court is therefore reversed and the cause remanded with instructions to allow the appellant's claim in the amount hereinbefore set forth, and to disallow to the administratrix the item of $15,250, the amount appropriated by her for her own use without authority of law; and for such further proceedings as are not inconsistent with this opinion.