Argued June 10; affirmed June 16, 1936

## CASS ET UX. *v.* HARDER ET AL.

(58 P. (2d) 618)

*V. A. C. Ahlf,* of Grants Pass, for appellants.

*Porter J. Neff* and *A. E. Reames,* both of Medford (Neff & Frohmayer and A. E. Reames, all of Medford, on the brief), for respondents.

BAILEY, J. The plaintiffs, J. C. Cass and Gillie Cass, his wife, instituted this suit against B. E. Harder, both in his individual capacity and as executor of the estate of William A. Pointer, deceased, and the First

National Bank of Medford, Oregon, as defendants, to have set aside the final account of Harder as executor of the William A. Pointer estate, and for a complete accounting of his receipts and disbursements as such executor; to require him to file a definite and complete report as executor; to charge him as such executor with interest on all moneys that came into his hands in that capacity; and to require him to furnish and file receipted bills for all moneys paid by him. The prayer further asks that the foreclosure proceedings brought by the First National Bank against the plaintiffs herein as defendants in said suit be set aside and that the bank be decreed to be holding the foreclosed land in trust for these plaintiffs. From a decree dismissing the suit the plaintiffs have appealed.

William A. Pointer died testate in Jackson county, Oregon, on or about January 30, 1929. On February 4, 1929, B. E. Harder was appointed executor of his estate and duly qualified as such. In his will the testator stated that the property of the estate amounted to about $20,000. One-half of it was devised and bequeathed to his only child, a daughter, Anna C. Nalley, and the other half was devised and bequeathed to the plaintiffs in the present suit. The will further recites that after the death of his wife the testator had executed an instrument in "form of conveyance", which in terms conveyed to his daughter all his property except $1,000, and that this instrument of conveyance had never been delivered but was at all times retained by testator. It is further stated therein that Pointer thereafter executed another instrument in "form of conveyance", giving to his daughter and his son-in-law, her husband, each one-half of all his property except $1,000, and that

the testator had retained said instrument in his possession and under his control.

Immediately upon the appointment of Harder as executor, P. K. Nalley, who had been divorced from the daughter of the testator, instituted a suit in the circuit court of Jackson county against the First National Bank of Medford, Harder as executor of the Pointer estate, and the present plaintiffs, to have himself declared the owner of one-half of the testator's estate and to enjoin the executor of the estate from administering thereon or taking control of the property. Mrs. Nalley filed a cross-complaint asking that the reconveyance which it was alleged that she had made to her deceased father be set aside and that she be declared to be the owner of the other half of the estate. From an adverse decision in the circuit court Nalley appealed to the supreme court and on December 9, 1930, this court reversed the decree of the trial court and held that the instrument referred to in the will as conveying one-half of the property to said Nalley had been delivered and that Nalley was the owner of said property. Rehearing of this appeal was denied on March 3, 1931: *Nalley v. First National Bank,* 135 Or. 409 (293 P. 721, 296 P. 61, 76 A. L. R. 625).

In January, 1930, Anna C. Nalley filed a contest of the will of her late father, William A. Pointer. Before that matter was heard, Mrs. Nalley died and her heirs appeared and sought to continue the contest of the will. From an adverse decision in the lower court the matter was finally attempted to be appealed to this court, and in May, 1933, the appeal was dismissed.

The inventory and appraisement were filed on March 7, 1932, showing the appraised value of the property at $11,163.90. The final report and account

was filed on June 19, 1933, to which report objections were filed by the plaintiffs herein, through the attorney then representing them. An order approving the final account was entered March 15, 1934, and the objections made by these plaintiffs to the final account were then denied. The order closing the estate was entered July 26, 1934.

During the administration moneys were advanced by the executor to the plaintiffs herein, $750 on April 3, 1931, and $400 on February 29, 1932. The final order after distributing the cash on hand made provision for the assignment of the remaining assets, consisting of notes, Liberty bonds and interest in land, half to the administrator of the estate of Anna C. Nalley, deceased, and half to these plaintiffs. The remaining cash to which the plaintiffs were entitled and the remaining assets assigned to them were delivered to the county treasurer for the plaintiffs, upon their refusal to accept the same.

Prior to the death of Pointer the plaintiffs had delivered to the Jackson County Bank a mortgage upon their real property in Jackson county, to secure an indebtedness of approximately $1,600. Later that bank went into liquidation and the note and mortgage were transferred to the First National Bank of Medford, of which latter bank Harder was president. Upon the insistence of the waiver committee of the Jackson County Bank, which committee had direction of collection of the assets which had been delivered to the First National Bank, the latter bank foreclosed this mortgage and caused the property covered thereby to be sold.

One of the grounds of complaint on the part of plaintiffs herein is that Harder as executor of the

Pointer estate should have prevented such foreclosure and should so have administered the Pointer estate as to make available to the plaintiffs herein funds in sufficient amount and in time to prevent such foreclosure, according to their contention that said Harder was representing the plaintiffs in the administration proceedings and was acting in a sort of dual capacity as to plaintiffs, by which he was required to protect them against such foreclosure proceedings.

The only allegation in the complaint which could in any way be said to intimate fraud on the part of Harder is the averment that "the said B. E. Harder as executor and trustee of the property of the estate of William A. Pointer, deceased, has wrongfully handled the property of the said William A. Pointer estate, negligently, grossly and fraudulently permitting needless expenditure of large sums of money, by holding unnecessarily said estate in the probate court of Jackson county, Oregon, for a period of approximately five years and six months, unnecessarily withholding from the plaintiffs funds justly due them, to the injury and damage of the plaintiffs".

· The record utterly fails to disclose any evidence whatever as to any fraud in the administration of the Pointer estate. The inventory and appraisement might have been filed at an earlier date, but could not have been filed until after the injunction which was issued in the suit of Nalley against the First National Bank was dissolved. No injury was suffered by the plaintiffs because of this delay.

The final report was filed shortly after the mandate of the supreme court in the will contest case was entered in the trial court. It was definite and complete. In it the executor accounted for all assets re-

ceived and disbursements made by him. The estate could not have been closed and the assets distributed until after the determination of the will contest proceedings. There was a further delay in closing the estate, apparently with the acquiescence of the beneficiaries, due to the inability of the executor to convert into cash many of the assets of the estate without loss to the beneficiaries.

There is no evidence whatever that the executor in any way profited by receipt of interest on moneys coming into his possession, or otherwise in the administration of the estate, except by receiving his fee as executor.

■ As already pointed out, the plaintiffs herein appeared in the probate proceedings and filed objections to allowance of the final report. Upon the denial of their objections they did not appeal to the circuit court. All the matters which are here sought to be litigated against the executor in his official capacity could have been, and many of them were, presented in the probate court. If not satisfied with the decision of the probate court, the plaintiffs in this proceeding should have appealed to the circuit court from the order approving the final account: *Froebrich v. Lane,* 45 Or. 13 (76 P. 351, 106 Am. St. Rep. 634).

■ The record fails to disclose any evidence upon which a court of equity could grant relief to these plaintiffs against any of the defendants in this suit, as to the foreclosure by the bank of the mortgage on plaintiffs' property. There was no collusion whatever between Harder in his official capacity as executor, or individually, and the bank, in said foreclosure proceedings. Nor was there a breach of any duty owed by any of the defendants to the plaintiffs.

Without further elaboration of the facts or the question presented, we are of the opinion, after a full consideration of the record, that no error was committed by the circuit court in dismissing the suit. The decree appealed from is affirmed.

BELT and KELLY, JJ., not participating.