Mildred E. McCAN, Plaintiff,

v.

The FIRST NATIONAL BANK OF PORTLAND, a national banking association, located at Portland, Oregon, Defendant.

Civ. 6924.

United States District Court
D. Oregon.

Dec. 14, 1954.

George W. Friede and Francis E. Harrington, Portland, Or., for plaintiff.

Pendergrass, Spackman & Bullivant, Portland, Or., for defendant.

JAMES ALGER FEE, Circuit Judge.

This action is brought by the widow and principal beneficiary of a deceased testator who named defendant as executor. The estate was administered by proceedings regularly brought and maintained in the Circuit Court of the State of Oregon for Multnomah County, Department of Probate. The defendant was duly and regularly designated as executor by order of that court after the will had been probated by judicial hearing in that court.

The basis of this action against the executor personally is the claim that it negligently conducted the administration and specifically failed to make payment of the widow's allowance as by Oregon statute required,[1] as a result of which action the widow of the deceased testator was confined in the Oregon State Hos-

---

1. According to the pre-trial order, by order of the Probate Court plaintiff was awarded $500 for support money prior to the filing of the inventory and appraisement and $300 a month for a year thereafter. The Oregon statutes dealing with provision for widows are ORS 113.070 ("A widow may remain in the dwelling house of her husband one year after his death without being chargeable with rent therefor, and shall have her reasonable sustenance out of the estate for one year.") and ORS 116.015 ("If the exempt property * * * is insufficient for the support of the widow and minor children, according to their circumstances and condition in life, for one year after the filing of the inventory, the court or judge thereof may order that the executor or administrator pay to such widow * * * an amount sufficient for that purpose; but such order shall not be made unless it appears probable that the estate is sufficient to satisfy all the debts and liabilities of the deceased and pay the expenses of administration in addition to the payment of such amount."). There is also provision for widows prior to the granting of administration and filing of inventory: **in addition to the**

pital for the Insane, due solely to a lack of financial support when the estate of her deceased husband is such that ample funds were available for her support.

■■ Diversity of citizenship between plaintiff and defendant is outlined by the allegations of the complaint. This Court must nevertheless determine its own jurisdiction to hear and adjudicate. Such consideration must be had at the outset as to every case, since a federal District Court has only special and limited powers within a circumscribed field.

■■ There can be no confusion between this question of existence of jurisdiction and the presence or absence of a cause of action. Whether the complaint states a cause of action is immaterial.[2] It may or it may not. But the power to hear and decide is cardinal.

■■ The Oregon system of probating wills and administering the assets is comprehensive. The executor acts correctly and legally only under orders of the court.[3] The statutes give minute directions as to the allowance to be paid to the widow. There are provisions whereby the executor can be forced to carry out these and other clauses of the statutes. His account can be surcharged in the court for negligence, fraud or criminal action. In effect, what is charged here is that the court did not take appropriate action by direction to its officer.[4]

The state courts of general jurisdiction have never entertained a suit in equity or an action at law which resulted in the interference with the administration of estates.[5] If a court of general jurisdiction has the power to determine

---

homestead, family wearing apparel and furniture, "The widow and minor children shall also have a reasonable provision for their support during such period, to be allowed by the court." ORS 116.005.

ORS 116.010, which provides that the court "shall make an order setting apart for the widow * * * all the property of the estate exempt from execution," has been interpreted to place a mandatory duty upon the court which "does not arise, however, until the surviving spouse or minor children *request* that the homestead * * * be set aside * * *." Jenning v. Jenning, 197 Or. 366, 253 P.2d 276, 278.

2. The executor of an estate and the widow seeking an allowance have adverse interests, which are resolvable only in the probate courts. The widow's allowance is considered an expense of administration. Biersdorf v. Putnam, 181 Or. 522, 182 P.2d 992. A number of Oregon cases have adjudicated an attempt by the executor to reduce a widow's allowance. See In re Shepherd's Estate, 152 Or. 15, 41 P.2d 444, 49 P.2d 448 (where the court held that the executor's objection, even if well taken, did not come within a reasonable time); In re Ballard's Estate, 181 Or. 7, 179 P.2d 732; In re Frizzel's Estate, 95 Or. 681, 188 P. 707. See also Dekum v. Dekum, 28 Or. 97, 41 P. 159, and In re Mead's Estate, 147 Or. 400, 34 P.2d 346 (in which the administratrix was required to account

for a widow's allowance paid without order of court or statutory authorization).

3. In re Workman's Estate, 156 Or. 333, 390, 65 P.2d 1395, 68 P.2d 479.

4. "This officer cannot act without the authority of the county judge. It would be more to the point to treat the latter as the culprit." Crocker v. Kay, D.C., 2 F.Supp. 162, 164, affirmed, 9 Cir., 62 F.2d 391 (holding that the Referee in Bankruptcy had no jurisdiction in summary proceedings to order the administratrix of an estate to turn over certain funds).

5. It is not necessary for the state courts to draw a close line between the existence of jurisdiction and the presence of a cause of action. It is vital for this court. However, expressions in the opinions of the Supreme Court of Oregon indicate the true ground of refusal to entertain such a cause is lack of jurisdiction. The Oregon case closest on principle to the present case is National Surety Corporation v. McArthur, 174 Or. 376, 149 P.2d 328. There, the assignee of an administrator sought to recover from former administrators "losses sustained by the estate through the alleged negligence of the defendants in their administration." The court held that the remedy could be pursued "only in the probate court." 149 P.2d at pages 328–329. See also Cass v. Harder, 153 Or. 637, 58 P.2d 618, in which the devisees brought suit to set aside the final ac-

that the administrator or executor owes a duty to heir, creditor or widow in matters intimately connected with administration and to award damages for an alleged failure to perform the duty, the exclusive jurisdiction of the probate court is at an end. No case is cited in Oregon where a court of general jurisdiction has been conceded power to act in such a case. Furthermore, no such case where courts otherwise than those of probate have taken jurisdiction has been discovered by research of counsel or the court.[6]

■ The United States District Courts have authority to hear and decide cases and controversies between persons of diverse citizenship, present the jurisdictional amount.

■ But, since the federal courts are in the same situation as the courts of the State of Oregon, if jurisdiction has not been given to its tribunals of general cognizance to decide certain matters, the courts of the United States sitting within the territorial limits have not authority either. As a corollary to this rule, "where such a remedy is given to a state court by an action inter partes, the remedy may be adopted by the federal courts if the controversy is between citizens of different states." Richardson v. Green, 9 Cir., 61 F. 423, 435, concurring opinion by Judge McKenna (on appeal from the District of Oregon). There is appropriate review provided by appeal from the probate court. After this tribunal has by order directed its officer to do an act or to pay money, there is a remedy in state courts of general jurisdiction to give proper judgment against him at suit by the party injured by failure to perform. Under general equity powers, the latter may review, annul or enjoin judgments and decrees of probate courts upon final settlements of legal representatives, for fraud, for mistake in some cases, or for constructive fraud. But the legislature of the State of Oregon has given exclusive jurisdiction to the probate courts of all matters relating to the administration of estates of decedents.[7]

> "So that the fact that the county court is accorded exclusive jurisdiction in the first instance has no peculiar emphasis or force to differentiate its final orders or decrees from those of any court of record possessing exclusive jurisdiction within its compass. The equitable remedy of which we are now treating has its just limitations, however. It cannot be utilized for the correction of errors and irregularities, and, where the party has had an opportunity to be heard in the original proceeding and to have the matters revised on appeal, but has neglected to avail himself thereof, he is not entitled to redress in the equitable forum." Froebrich v. Lane, 45 Or. 13, 76 P. 351, 353.

In diversity cases, such a controversy may be heard in the federal courts subject to the limitations imposed upon these state courts. But clearly this is not the matter attempted to be here litigated.

The acts charged against the administrator here are all inextricably woven

---

count and for interest on all sums which came into the hands of the executor, alleging his negligent delay in the settlement of the estate. The court dismissed the suit, stating, "All the matters which are here sought to be litigated against the executor in his official capacity could have been, and many of them were, presented in the probate court." 58 P. 2d at pages 618, 620.

6. Where a statute makes payment of a specific sum to the widow mandatory or after the court has ordered payment of a widow's allowance, the situation may be otherwise. See Neely v. McCormick, 25 Pa. 255.

7. The Oregon statute provides: "County courts having judicial functions shall have exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is, to: * * * (3) Direct and control the conduct, and settle the accounts of executors, administrators and guardians." ORS 5.040. A recent discussion of the jurisdiction of a court of probate may be found in Arnold v. Arnold, 193 Or. 490, 237 P.2d 963, 239 P.2d 595.

into the administration of the estate. Only a court of probate may determine whether the administrator owes a duty to plaintiff (1) to file an inventory and appraisement, (2) to give information concerning the estate, or (3) to provide for payment of a widow's allowance. There are explicit provisions of the probate code which govern all these matters.[8]

If it be assumed there was a duty to the widow to obtain an allowance for her, the administrator would be under a tremendous burden if the probate court refused to grant the order. Clearly, this shows that the coercion would be brought on the probate court and interference with administration would be patent. The situation would be outlined if the widow brought mandamus in the Circuit Court of the State of Oregon for Multnomah County, Department No. 1, to compel the administrator to pay the allowance, although the Probate Department had not ordered payment. The furnishing of information about progress of an estate is specifically provided for by the Code. The system of reports is elaborate, but these are supervised by the Probate Court. Remedies are given if that tribunal is convinced the duty is neglected.[9] No remedy can be obtained by an indirect approach of an action for damages. The same may be said for the filing of an inventory. If the action of the Probate Court can be controlled in administration of an estate by such interference, its exclusive jurisdiction over this subject matter has been dissipated.

Although the court has jurisdiction of the persons, the court has no jurisdiction of the subject matter.[10] The federal statutes do not commit to the United States Courts any control over probate proceedings. This was done deliberately, since these are of local competence. Interference by the federal courts in these purely domestic affairs would be intolerable. The State of Oregon controls these matters as parens patriae. The foundations of the jurisdiction were in the ecclesiastical courts. The federal courts do not interfere in divorce, in probate matters, in filiation proceedings, in care of the insane or in mandamus of state officers. The Tenth Amendment protects the exclusive jurisdiction of the state over such matters.

Finally, for all its apparent conflict, there is not a case or controversy here. There is a simple attempt to interfere with the administration of estates.

The cause is dismissed for lack of jurisdiction.

---

**8.** See ORS 116.405ff (inventory and appraisal); ORS 117.010ff (periodic accounting); note 1, supra, for the statutes relating to the widow's allowance.

**9.** For example, see ORS 115.470-480-490; 117.020-640-690.

**10.** Putnam v. Citizen's National Trust & Savings Bank of Los Angeles, 9 Cir., 77 F.2d 58. Note, 158 A.L.R. 9 ("Jurisdiction of Federal courts, in cases of diversity of citizenship, over suit affecting probate or other matters concerning administration of decedent's estates.")